IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT PALUMBO,** | ) |
| **Plaintiff,** | ) ) ) Case No. _____ |
| v. | ) ) |
| **ABF FREIGHT SYSTEMS, INC.,** | ) **JURY TRIAL REQUESTED** |
| **Defendant.** | ) ) FILED: NOVEMBER 21, 2008 ) 08 CV 6708 ) JUDGE LEFKOW |

COMPLAINT MAGISTRATE JUDGE VALDEZ
YM

Plaintiff Robert Palumbo ("Palumbo"), through his attorneys Barlow, Kobata and Denis, and William Provenzano, for his Complaint against Defendant ABF Freight Systems, Inc. (herein "ABF"), states as follows:

**Nature of Plaintiff's Claims**

1. Robert Palumbo was an employee of ABF for over twelve years between September 1994 and December 2006 as an Operations Supervisor when he was discharged.

2. This lawsuit arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and involves willful violations of the FMLA and ABF's denial of his FMLA rights, interference with his FMLA rights, and retaliatory discharge in violation of the FMLA. This action is also brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* (hereafter "ADA"), for ABF's discrimination, retaliation, and failure to accommodate Palumbo in violation of the ADA.

3. This lawsuit also arises under Illinois law based on ABF's violation of the Illinois

1

Human Rights Act.

## JURISDICTION

4. Federal jurisdiction arises under the provisions of the ADA 42 U.S.C. §12101 *et seq.*, the FMLA, 29 U.S.C. § 2601, and federal question jurisdiction, 28 U.S.C. §1331 and 1343. There is supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5. The jurisdiction of this Court is also invoked based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). The Plaintiff is a citizen of Illinois. The Defendant is incorporated in Delaware and has its principal place of business in Arkansas. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## VENUE

6. Pursuant to 28 U.S.C. §1391, venue lies in the Northern District of Illinois in that Mr. Palumbo is a resident in this District, Defendant ABF is engaged in a business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District. For purposes of diversity jurisdiction, venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## PARTIES

7. Palumbo is a resident of Antioch, Illinois. He worked for ABF between 1994 and December 2006. He was employed most recently as an Operations Supervisor.

8. At all pertinent times, Defendant has continuously been and is now an employer either engaged in interstate commerce or an activity affecting commerce, and was an "employer" within the meaning of the ADA. Defendant employs or has employed more than fifteen (15) employees.

9. In 2005 and 2006 Defendant employed more than five hundred (500) employees.

10. At all relevant times Palumbo was an employee subject to the FMLA, and Defendant ABF was and is an employer subject to the FMLA, 29 U.S.C. § 2601.

11. At all relevant times herein, Palumbo was employed by ABF and was an employee within the meaning of the FMLA.

12. Palumbo has signed a Consent to become a Party Plaintiff under the FMLA, a copy of which is attached hereto as Exhibit A.

13. At all pertinent times, ABF has continuously been and is now an employer in an industry affecting commerce within the meaning of the FMLA and employed more than fifty (50) employees in 2005 and 2006.

## COUNT I
## AMERICANS WITH DISABILITIES ACT FEDERAL CLAIMS

14. Palumbo filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging that ABF violated the ADA. Palumbo filed a Charge of Discrimination with the EEOC on June 28, 2007.

15. The EEOC issued Palumbo a Notice of Right to Sue letter dated August 21, 2008. Palumbo has timely filed this lawsuit alleging ADA violations following his receipt of the EEOC's Notice of Right-to-Sue letter, attached as Exhibit B.

16. At all pertinent times, Palumbo was and/or is a qualified individual with a disability within the meaning of 42 U.S.C. §12101(2)(A), 42 U.S.C. §12102(2)(B), and 42 U.S.C. § 2102(2)(C) of the ADA.

17. At all pertinent times, Palumbo had one or more impairments within the meaning of the ADA that substantially limited one or more of his major life activities within the meaning of the ADA. Palumbo, at all pertinent times, also had a record of such an impairment, and was regarded as having such an impairment by ABF. Palumbo's impairments constitute a disability as that term is defined in § 12101(2)(A), (B), and (C) of the ADA.

18. At all pertinent times, Palumbo was qualified to perform the essential functions of his job, with or without a reasonable accommodation, within the meaning of the ADA.

19. Pursuant to the ADA, Palumbo asked that ABF accommodate him. Despite Palumbo's request for an accommodation, ABF did not accommodate him. ABF violated the ADA when it failed to accommodate Palumbo.

20. Under the ADA an employer needs to show that its refusal to accommodate is justified by an undue hardship. ABF maintained a policy, practice, and custom to deny reasonable accommodations to Palumbo.

21. Because of Palumbo's disability, ABF has discriminated against Palumbo in regards to his advancement, compensation, and other terms, conditions, and privileges of employment in violation of the ADA.

22. ABF retaliated against Palumbo because he requested an accommodation and violated the ADA by retaliatorily discharging him.

23. ABF violated the ADA when it discharged Palumbo and failed to accommodate him.

24. The discriminatory employment acts and policies, practices, and customs of ABF violated the rights guaranteed by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

25. ABF maintained a policy, practice, and custom which permitted an employee to

return to work only if the employee could perform the full duty of the job. Palumbo was subjected to a ABF policy, practice, and custom which permitted his return to work only if he was released to return to full-duty.

26. Palumbo was precluded from returning to work because of the discriminatory practices of ABF, including ABF's maintenance of its full duty policies. ABF's full duty policy violated the ADA because it is a *per se* violation of the ADA to maintain such a policy.

27. Because of the application of ABF's policies, Palumbo was unlawfully discharged, discriminated against, denied a reasonable accommodation, and retaliated against.

28. As a result of ABF's actions, Palumbo has been damaged and lost income, benefits, and a bonus as a result of ABF's acts.

29. The discriminatory acts of ABF and its agents and employees were deliberate, intentional, and were done with malice or with reckless indifference to the federally protected civil rights of Palumbo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Palumbo respectfully requests this Court enter an order as follows:

A. The Court should declare, decree, and adjudge that ABF has violated the ADA;

B. Grant an injunction against ABF and its officers, agents, and managers from violating the ADA, and protecting Palumbo;

C. Enter appropriate injunctive relief against ABF and its officers, agents, and managers to comply with the ADA and refrain from discriminating against Palumbo and interfering with his rights and protections under the ADA and awarding appropriate equitable relief;

D. Enter appropriate injunctive relief awarding Plaintiff the backpay, frontpay, and other employment benefits that he was denied or lost;

E. Order the Defendant to pay compensatory and punitive damages in an amount sufficient to punish ABF for its past discrimination and to deter it from continuing with its discriminatory practices;

F. Award nominal damages, pre-judgment and post-judgment interest;

G. Award Palumbo his reasonable attorney's fees and costs; and

H. Award such other and further relief as is just and appropriate.

## COUNT II
## FAMILY MEDICAL LEAVE ACT

30. Paragraphs 1-29 of this Complaint are re-alleged and incorporated as though fully set forth herein.

31. This is an action brought under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* This court has subject matter jurisdiction of this action pursuant to the FMLA, 29 U.S.C. § 2601 *et. seq.*

32. In 2006 Palumbo was an employee of the Defendant within the meaning of the FMLA and eligible to receive FMLA benefits. In 2006, Palumbo had more than 1,250 hours of service within the prior twelve months and had more than twelve months of service.

33. In 2006 Palumbo was eligible to take an FMLA leave of absence and he qualified for FMLA leave.

34. In 2006 Palumbo had a serious health condition within the meaning of the FMLA.

35. Palumbo told ABF that he had a serious health condition, and he described to ABF the nature of his condition, the nature of his incapacity, and how he had a serious health

condition within the meaning of the FMLA. Palumbo also told ABF that he was seeking medical treatment, he was being treated by a doctor, he was seeking medical treatment for a serious health condition, and he needed to take time off to recuperate for his serious health condition and obtain medical treatment.

36. ABF had enough information in 2006 regarding the nature of Palumbo's medical and serious health conditions, the reasons why he was incapacitated, and the nature of Palumbo's medical condition to determine that Palumbo had requested FMLA leave and to designate his absence as an FMLA protected absence.

37. ABF failed to comply with the Department of Labor regulations, violated the FMLA, and interfered with Palumbo's FMLA rights by, for example, failing to inform Palumbo that his failure to return to work within twelve (12) weeks of his FMLA leave could result in his termination from employment. Palumbo was prejudiced by ABF's failure to properly inform Palumbo of the terms of his FMLA leave.

38. ABF knew that Palumbo was taking FMLA protected leave, but, nonetheless, interfered with, discriminated, and retaliated against Palumbo by refusing to reinstate him from his FMLA absence and discharging him based on his FMLA protected leave and request to take FMLA leave.

39. On December 11, 2006 Palumbo was discriminatorily and retaliatorily discharged.

40. Defendant interfered with Palumbo's exercise of his FMLA rights, retaliated against Palumbo for taking an FMLA leave of absence, and retaliatorily discharged him.

42. Defendant interfered with and retaliated against Palumbo in violation of the FMLA because he exercised or attempted to exercise his FMLA rights.

43. Palumbo has been damaged as a result of Defendant's acts.

44. As a result of Defendant's conduct, Palumbo has suffered and will continue to suffer the loss of wages, benefits, and other damages in violation of the FMLA.

45. Defendant willfully violated the FMLA by denying him FMLA rights, interfering with his FMLA rights, discharging him, and retaliating and discriminating against him.

46. Defendant knew or showed reckless disregard whether its conduct towards Palumbo was prohibited by the FMLA.

WHEREFORE, Palumbo respectfully requests this Court enter an order as follows:

A. That the court declare Defendant's conduct complained of herein to be in violation of Palumbo's rights as secured by the FMLA;

B. That the court permanently enjoin Defendant from violating the FMLA and from any conduct violating Palumbo's rights;

C. That the court award Palumbo liquidated damages;

D. That the court order Defendant to make whole Palumbo by providing him appropriate lost earnings and benefits with pre-judgment and post-judgment interest, and other affirmative relief, including front pay;

E. That the court award Palumbo attorneys fees and costs incurred in prosecuting this action;

F. That the court award Palumbo nominal damages;

G. That the court award Palumbo such additional and further relief as it deems just and equitable.

## JURY DEMAND

Plaintiff Robert Palumbo demands a trial by jury.

Respectfully submitted,

November 21, 2008

*s/ Marty Denis*
Marty Denis
Claire Weinstein
BARLOW, KOBATA & DENIS
525 West Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

William J. Provenzano
WILLIAM J. PROVENZANO AND
 ASSOCIATES, LTD.
1580 S. Milwaukee Avenue, Suite 520
Libertyville, Illinois 60048
(847)816-6588

Attorneys for Plaintiff Robert Palumbo

# EXHIBIT A

## WRITTEN CONSENT TO BECOME A PARTY PLAINTIFF UNDER THE FAMILY MEDICAL LEAVE ACT

Robert Palumbo ("Plaintiff") submits this Written Consent to Become a Party Plaintiff in an Action under the Family Medical Leave Act ("FMLA") against ABF Freight System, Inc. ("Defendant"). Plaintiff consents to becoming a party plaintiff in this action against Defendant because of the Defendant's interference with Plaintiff's right to take FMLA leave and retaliatory discharge because Plaintiff requested leave under the FMLA.

Dated: 11-10-2008

_Robert Palumbo_
Robert Palumbo, Plaintiff

# EXHIBIT B

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert Palumbo<br>267 Hazelwood Drive<br>Antioch, IL 60002 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 1940 0003 8824 3321

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06047 | Daniel Lim,<br>Investigator | (312) 886-9839 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,
District Director

8/21/2008
(Date Mailed)

Enclosures(s)

cc: **ABF FREIGHT SYSTEMS, INC.**